ALMIRA BARTLETT *vs.* JOHN BAYBUTT.

Kennebec. Opinion December 31, 1897.

*Superior Court of Kennebec County. Jurisdiction. Trespass q. c. R. S., c. 77, § 67; Stat. 1891, c. 104.*

The Superior Court for Kennebec county has neither original nor appellate jurisdiction of an action of trespass quare clausum, irrespective of the question whether the title to real estate is involved or not.

AGREED STATEMENT.

The facts are stated in the opinion.

The statute c. 104 of Act of 1891, under which the defendant claimed that the Superior Court for Kennebec county had jurisdiction of his appeal to that court is as follows:—

"Within said county, said superior court has exclusive jurisdiction of civil appeals from municipal and police courts, and trial justices, exclusive original jurisdiction of actions of scire facias on judgments and recognizances not exceeding five hundred dollars; of bastardy trials, and of all other civil actions at law not exclusively cognizable by municipal and police courts, and trial justices, where the damages demanded do not exceed five hundred dollars, except complaint for flowage, real actions, and actions of trespass quare clausum; and concurrent original jurisdiction of proceedings in habeas corpus, and libels for divorce."

*C. F. Johnson*, for plaintiff.

*S. S. and F. E. Brown*, for defendant.

SITTING: PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, STROUT, SAVAGE, JJ.

STROUT, J. The question presented is whether the Superior Court for Kennebec county had jurisdiction of the case.

The action is trespass quare clausum, brought before the Municipal court of Waterville, where judgment was rendered for plaintiff. Appeal was taken and entered in the Superior Court. No

question of title to real estate was involved. Chapter 104, of the laws of 1891, amending § 67, of c. 77 of the Revised Statutes, provides that within Kennebec county the Superior Court should have "exclusive jurisdiction of civil appeals from municipal and police courts and trial justices," and certain other exclusive and concurrent jurisdiction, but excepted "complaints for flowage, real actions, and actions of trespass quare clausum." The same section which conferred jurisdiction of civil appeals, excepted from the jurisdiction actions of trespass quare clausum, eo nomine, irrespective of whether the title to real estate was in question or not.

This exception must be applied to civil appeals in actions of trespass quare clausum. The Superior Court has no jurisdiction of that class of actions. Any other construction would involve the absurdity of giving that court jurisdiction of actions of trespass quare clausum which came there by appeal, and denying the jurisdiction if the action was originally brought there. It was the manifest intention of the legislature, that the Superior Court should not have jurisdiction of any action of that kind.

*Appeal dismissed with costs.*